**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CURTIS L. TRUITT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:09-cv-868-WTL-TAB |
| ) | |
| INDIANA PAROLE BOARD, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by petitioner Curtis L. Truitt ("Truitt"), the court finds that this action must be **dismissed with prejudice.** This conclusion is based on the following facts and circumstances:

1. Because Truitt's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Subject to exceptions not applicable here, under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

2. Truitt is in custody of the Indiana Parole Board and has been released to parole in the Gary Parole District. On January 2, 2008, Truitt pled guilty to child molesting and was sentenced to three years with eighteen months suspended to probation. There was no direct appeal taken from the conviction and sentence, and the time within which such an appeal could have been filed expired on February 1, 2008. That is the date his conviction became final for computing the statute of limitations. See *Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

3. Based on the foregoing, the applicable statute limitations established by 28 U.S.C. § 2244(d) began to run on February 1, 2008, and continued without interruption. Truitt's habeas petition was filed on July 13, 2009. This date is indisputably beyond the filing deadline of January 31, 2009.

4. The filing of this action in July 2009 was far beyond the expiration of the statute of limitations. That statute "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). In this case, Truitt has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/28/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana